## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------x

In re:   :   Chapter 11

FLUID ROUTING SOLUTIONS :   Case No. 09 – 10384 (CSS)
INTERMEDIATE HOLDING CORP.,
a Delaware corporation, et al.,[1]   :   Jointly Administered

  Debtors.   :

-------------------------------------------------------------x

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMER REGARDING DEBTORS' SCHEDULES AND STATEMENTS

      The Schedules of Assets and Liabilities and Statements of Financial Affairs (the "Schedules and SOFAs") filed by Fluid Routing Solutions Intermediate Holding Corp., and its affiliated debtors and debtors in possession (collectively, the "Debtors"), in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") were prepared pursuant to 11 U.S.C. § 521 and Federal Rule of Bankruptcy Procedure 1007 by the Debtors' management and are unaudited. In preparing the Schedules and SOFAs, the Debtors relied on financial data derived from their books and records that was available at the time of such preparation. While those members of management responsible for the preparation of the Schedules and SOFAs have made a reasonable effort to ensure that the Schedules and SOFAs are accurate and complete based on information known to them at the time of preparation after reasonable inquiries, inadvertent errors may exist and/or the subsequent receipt of information may result in material changes in financial and other data contained in the Schedules and SOFAs that may warrant amendment of the same. Moreover, because the Schedules and SOFAs contain unaudited information that is subject to further review and potential adjustment, there can be no assurance that these Schedules and SOFAs are complete or accurate. These Global Notes and Statement of Limitations, Methodology and Disclaimer Regarding Debtors' Schedules and SOFAs (the "Global Notes") comprise an integral part of the Schedules and SOFAs and should be referred to and considered in connection with any review of them.

---

[1] The Debtors in these cases and the last four digits of each Debtor's federal tax identification number, are: Fluid Routing Solutions Intermediate Holding Corp. (1438), Fluid Routing Solutions, Inc. (1567), Fluid Routing Solutions Automotive, LLC (f/k/a Mark IV Automotive, LLC) (6301) and Detroit Fuel, Inc. (4910). The address for each of the Debtors is 1955 Enterprise Drive, Rochester Hills, MI 48309.

1.     <u>Case</u>. On February 6, 2009 (the "<u>Petition Date</u>"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "<u>Bankruptcy Code</u>").

2.     <u>Reporting Date</u>. With the exception of that information taken from the Debtors' balance sheet, which is provided as of January 31, 2009, financial information for the Debtors is provided as of the Petition Date.

3.     <u>Amendments</u>. The Debtors reserve their rights to amend the Schedules and SOFAs in all respects at any time as may be necessary or appropriate, including, without limitation, the right to dispute or to assert offsets or defenses to any claim reflected on the Schedules and SOFAs as to amount, to liability, or to classification, or to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated." Any failure to designate a claim as "contingent," "unliquidated," or "disputed" does not constitute an admission by the Debtors that such claim is not "contingent," "unliquidated," or "disputed."

4.     <u>Estimates and Assumptions</u>. The preparation of the Schedules and SOFAs requires the Debtors to make estimates and assumptions that affect the reported amounts of assets and liabilities, the disclosures of contingent assets and liabilities on the date of the Schedules and SOFAs and the reported amounts of revenues and expenses during the reporting period. Actual results could differ from those estimates.

5.     <u>Pre-petition v. Post-Petition</u>. The Debtors have sought to allocate liabilities between the pre-petition and post-petition periods based on the information from research that was conducted with the preparation of these Schedules and SOFAs. As additional information becomes available and further research is conducted, the allocation of liabilities between pre-petition and post-petition periods may change.

6.     <u>GAAP</u>. Given the difference between the information requested in the Schedules and SOFAs, and the financial information utilized under generally accepted accounting principles in the United States ("<u>GAAP</u>"), the aggregate asset values and claim amounts set forth in the Schedules and SOFAs do not necessarily reflect the amounts that would be set forth in a balance sheet prepared in accordance with GAAP.

7.     <u>Asset Values</u>. It would be prohibitively expensive, unduly burdensome, and time-consuming to obtain current market valuations of the Debtors' property interests. Accordingly, to the extent any asset value is listed herein, and unless otherwise noted therein, net book values rather than current market values of the Debtors' property interests are reflected in the applicable Schedule. As applicable, assets that have been fully depreciated or were expensed for accounting purposes have no net book value.

8.     <u>Intercompany Transfers</u>. Because of the Debtors' consolidated cash management system, certain of the information set forth in the Schedules and SOFAs may not accurately reflect payments by an affiliated Debtor on behalf of another Debtor.

                                                     

9.    Challenge of Liens.  Except as otherwise agreed pursuant to a stipulation or agreed order or general order entered by the Bankruptcy Court, the Debtors reserve the right to dispute or to challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D.  Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all of their rights to dispute or to challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim.  The description provided on Schedule D is intended only to be a summary.

10.    Setoff or Recoupment Rights.  The Debtors have not included on Schedule D parties that may believe their claims are secured through setoff rights, deposits posted by or on behalf of the Debtors, or inchoate statutory lien rights.  Such counterparties have been listed on Schedule F.

11.    Bankruptcy Court Orders.  Pursuant to various orders issued by the Court, the Debtors were authorized to pay certain outstanding pre-petition claims, including, without limitation, claims relating to employee compensation, benefits, reimbursable business expenses, certain taxing authorities, common carriers and related administrative costs.  However, the claims listed in the Schedules and SOFAs may not reflect amounts paid pursuant to these various First Day Orders as they were unpaid as of the Petition Date.  Moreover, to the extent such a claim is listed on the Schedules and SOFAs, inadvertently or otherwise, the Debtors do not waive any right to amend the Schedules and SOFAs or subsequently object to such claims.

12.    Ordinary Course of Business.  In the ordinary course of their business, the Debtors apply credits against amounts otherwise due to vendors.  These credits arise because, among other matters, materials ordered and paid for may not be delivered, materials delivered are damaged or unusable, and vendors provide volume rebates and cash discounts.  Certain of these credits are subject to change.  Vendor claims are listed at the amounts entered on the Debtors' books and records, which may reflect credits or allowances due from such creditors to the Debtors.  The Debtors reserve all of their rights respecting such credits and allowances.

13.    Executory Contracts and Unexpired Leases.  While every reasonable effort has been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases, inadvertent errors or omissions may have occurred.  The Debtors hereby reserve all of their rights to dispute the validity, status or enforceability of any contract, agreement, or lease set forth on Schedule G that may have expired or may have been modified, amended, and supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters and other documents, instruments, and agreements which may not be listed on Schedule G.  Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal, and other miscellaneous rights.  Such rights, powers, duties and obligations are not set forth on Schedule G.  Certain of the executory agreements may not have been memorialized in writing and could be subject to dispute.  In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as easements, right of way, subordination, non-disturbance and attornment agreements, supplemental agreements,

3

amendments/letter agreements, title agreements and confidentiality agreements. Such documents may not be set forth on Schedule G. The Debtors reserve all of their rights to dispute or to challenge the characterization of the structure of any transaction, or any document or instrument related to a creditor's claim. In the ordinary course of business, the Debtors may have entered into agreements, written or oral, for the provision of certain services on a month-to-month or at-will basis. Such contracts may not be included on Schedule G. However, the Debtors reserve the right to assert that such agreements constitute executory contracts. Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease. The Debtors reserve all rights to challenge whether any of the listed contracts, leases, agreements or other documents constitute an executory contract or unexpired lease, including if any are unexpired non-residential real property leases. Any and all of the Debtors' rights, claims, and causes of action regarding the contracts and agreements listed on Schedule G are hereby reserved and preserved.

14.    Causes of Action. The Debtors, despite reasonable efforts, may not have identified and/or set forth all of their causes of action (filed or potential) against third parties as assets in their Schedules and SOFAs. However, the Debtors reserve all of their causes of action. Neither these Global Notes nor the Schedules and SOFAs shall be deemed a waiver of any such cause of action. Furthermore, nothing contained in the Schedules and SOFAs shall constitute a waiver of rights with these Chapter 11 cases, equitable subordination, and/or causes of action arising under the provisions of Chapter 5 of the Bankruptcy Code and other relevant nonbankruptcy laws to recover assets or avoid transfers.

15.    Insiders. In the circumstances where the Schedules and SOFAs require information regarding insiders and/or officers and directors, included therein are each of the Debtors' (a) directors (or persons in similar positions) and (b) employees that are, or were during the relevant period, officers (or persons in control). The listing of a party as an insider is not intended to be nor should it be construed as a legal characterization of such party as an insider and does not act as an admission of any fact, claim, right, or defense, and all such rights, claims, and defenses are hereby expressly reserved. Further, employees have been included in this disclosure for informational purposes only and should not be deemed to be "insiders" in terms of control of the Debtors, management responsibilities or functions, decision-making or corporate authority and/or as otherwise defined by applicable law, including, without limitation, the federal securities laws, or with respect to any theories of liability or for any other purpose.

16.    Disputed, Contingent and/or Unliquidated Claims. Schedules D, E, and F permit the Debtors to designate a claim as disputed, contingent, and/or unliquidated. A failure to designate a claim on any of these Schedules and SOFAs as disputed, contingent, and/or unliquidated does not constitute an admission that such claim is not subject to objection. The Debtors reserve the right to dispute, or assert offsets or defenses to, any claim reflected on these Schedules and SOFAs as to amount, liability, or status.

4

17.    <u>Summary of Specific Schedule and SOFA Issues</u>.

a.    The following Debtor-specific conventions were adopted by the Debtors in preparation of the SOFAs:

- SOFA 3b for Fluid Routing Solutions, Inc. reflects a payment to Mark IV Automotive, LLC of $480,000 on January 21, 2009, which was a pass through payment from a customer.

- SOFA 3b for Fluid Routing Solutions, Inc. includes payments remitted to Paychex Payroll Services ("<u>Paychex</u>"). These payments reflect both wages ultimately paid to employees and fees paid to Paychex for its payroll administration service.

b.    The Debtors adopted no Debtor-specific conventions needing disclosure in the preparation of their Schedules.

DB02:7928636.1                                                                     068067.1001

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF DELAWARE

In re  FLUID ROUTING SOLUTIONS INTERMEDIATE HOLDING CORP.

Debtor

Case No.   09-10384

Chapter    11

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts from Schedules D, E, and F to determine the total amount of the debtor's liabilities.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | | | |
| B - Personal Property | Yes | 4 | | | |
| C - Property Claimed As Exempt | No | | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | $4,299,894.50 | |
| E - Creditors Holding Unsecured Priority Claims | Yes | 3 | | $1,993,093.54 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 1 | | | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | No | | | | |
| J - Current Expenditures of Individual Debtor(s) | No | | | | |
| | TOTAL | 12 | | $6,292,988.04 | |

In re **FLUID ROUTING SOLUTIONS INTERMEDIATE HOLDING CORP.**        Case No. 09-10384

Debtor                                                    (if known)

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G-Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| NONE | | | | |
| | | Total | | |

(Report also on Summary of Schedules)

Sheet no. 1 of 1 sheet(s) attached to
Schedule of Real Property

In re  **FLUID ROUTING SOLUTIONS INTERMEDIATE HOLDING CORP.**          Case No.   09-10384
_____          _____
Debtor                                                        (if known)

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."  If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1.  CASH ON HAND. | X | | | |
| 2.  CHECKING, SAVINGS OR OTHER FINANCIAL ACCOUNTS, CERTIFICATES OF DEPOSIT, OR SHARES IN BANKS, SAVINGS AND LOAN, THRIFT, BUILDING AND LOAN, AND HOMESTEAD ASSOCIATIONS, OR CREDIT UNIONS, BROKERAGE HOUSES, OR COOPERATIVES. | X | | | |
| 3.  SECURITY DEPOSITS WITH PUBLIC UTILITIES, TELEPHONE COMPANIES, LANDLORDS, AND OTHERS. | X | | | |
| 4.  HOUSEHOLD GOODS AND FURNISHINGS, INCLUDING AUDIO, VIDEO, AND COMPUTER EQUIPMENT. | X | | | |
| 5.  BOOKS, PICTURES AND OTHER ART OBJECTS, ANTIQUES, STAMP, COIN, RECORD, TAPE, COMPACT DISC, AND OTHER COLLECTIONS OR COLLECTIBLES. | X | | | |
| 6.  WEARING APPAREL. | X | | | |
| 7.  FURS AND JEWELRY. | X | | | |
| 8.  FIREARMS AND SPORTS, PHOTOGRAPHIC, AND OTHER HOBBY EQUIPMENT. | X | | | |

In re  **FLUID ROUTING SOLUTIONS INTERMEDIATE HOLDING CORP.**          Case No.  09-10384

Debtor                                                    (if known)

## SCHEDULE B - PERSONAL PROPERTY

### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH- OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 9.  INTERESTS IN INSURANCE POLICIES.  NAME INSURANCE COMPANY OF EACH POLICY AND ITEMIZE SURRENDER OR REFUND VALUE OF EACH. | X | | | |
| 10. ANNUITIES.  ITEMIZE AND NAME EACH INSURER. | X | | | |
| 11. INTERESTS IN AN EDUCATION IRA AS DEFINED IN 26 U.S.C. § 530(b)(1) OR UNDER A QUALIFIED STATE TUITION PLAN AS DEFINED IN 26 U.S.C. § 529(b)(1). GIVE PARTICULARS.  (FILE SEPARATELY THE RECORD(S) OF ANY SUCH INTEREST(S). 11 U.S.C. § 521(c) RULE 1007(B)) | X | | | |
| 12. INTERESTS IN IRA, ERISA, KEOGH, OR OTHER PENSION OR PROFIT SHARING PLANS. ITEMIZE. | X | | | |
| 13. STOCK AND INTERESTS IN INCORPORATED BUSINESSES. ITEMIZE. | | FLUID ROUTING SOLUTIONS, INC. 1955 ENTERPRISE DRIVE ROCHESTER HILLS, MI  48309 | | UNKNOWN |
| 14. INTERESTS IN PARTNERSHIPS OR JOINT VENTURES.  ITEMIZE. | X | | | |
| 15. GOVERNMENT AND CORPORATE BONDS AND OTHER NEGOTIABLE AND NON- NEGOTIABLE INSTRUMENTS. | X | | | |
| 16. ACCOUNTS RECEIVABLE. | X | | | |
| 17. ALIMONY, MAINTENANCE, SUPPORT, AND PROPERTY SETTLEMENTS TO WHICH THE DEBTOR IS OR MAY BE ENTITLED.  GIVE PARTICULARS. | X | | | |
| 18. OTHER LIQUIDATED DEBTS OWING DEBTOR INCLUDING TAX REFUNDS.  GIVE PARTICULARS. | X | | | |
| 19. EQUITABLE OR FUTURE INTERESTS, LIFE ESTATES, AND RIGHTS OR POWERS EXERCISABLE FOR THE BENEFIT OF THE DEBTOR OTHER THAN THOSE LISTED IN SCHEDULE OF REAL PROPERTY. | X | | | |

Sheet no. 2 of 4 sheets attached to
Schedule of Personal Property

In re  **FLUID ROUTING SOLUTIONS INTERMEDIATE HOLDING CORP.**          Case No.  09-10384

Debtor                                    (if known)

## SCHEDULE B - PERSONAL PROPERTY

### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 20 CONTINGENT AND NON-CONTINGENT INTERESTS IN ESTATE OF A DECEDENT, DEATH BENEFIT PLAN, LIFE INSURANCE POLICY, OR TRUST. | X | | | |
| 21. OTHER CONTINGENT AND UNLIQUIDATED CLAIMS OF EVERY NATURE, INCLUDING TAX REFUNDS, COUNTERCLAIMS OF THE DEBTOR, AND RIGHTS TO SETOFF CLAIMS.  GIVE ESTIMATED VALUE OF EACH. | X | | | |
| 22. PATENTS, COPYRIGHTS, AND OTHER INTELLECTUAL PROPERTY.  GIVE PARTICULARS. | X | | | |
| 23. LICENSES, FRANCHISES, AND OTHER GENERAL INTANGIBLES. GIVE PARTICULARS. | X | | | |
| 24. CUSTOMER LISTS OR OTHER COMPILATIONS CONTAINING PERSONALLY IDENTIFIABLE INFORMATION PROVIDED TO THE DEBTOR BY INDIVIDUALS IN CONNECTION WITH OBTAINING A PRODUCT OR SERVICE FROM THE DEBTOR PRIMARILY FOR PERSONAL, FAMILY, OR HOUSEHOLD PURPOSES. | X | | | |
| 25. AUTOMOBILES, TRUCKS, TRAILERS, OTHER VEHICLES AND ACCESSORIES. | X | | | |
| 26. BOATS, MOTORS, AND ACCESSORIES. | X | | | |
| 27. AIRCRAFT AND ACCESSORIES. | X | | | |
| 28. OFFICE EQUIPMENT, FURNISHINGS, AND SUPPLIES. | X | | | |
| 29. MACHINERY, FIXTURES, EQUIPMENT AND SUPPLIES USED IN BUSINESS. | X | | | |
| 30. INVENTORY. | X | | | |
| 31. ANIMALS. | X | | | |
| 32. CROPS - GROWING OR HARVESTED. GIVE PARTICULARS. | X | | | |

In re  **FLUID ROUTING SOLUTIONS INTERMEDIATE HOLDING CORP.**          Case No.  09-10384

Debtor                                                  (if known)

### SCHEDULE B - PERSONAL PROPERTY

**(Continuation Sheet)**

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 33. FARMING EQUIPMENT AND IMPLEMENTS. | X | | | |
| 34. FARM SUPPLIES, CHEMICALS, AND FEED. | X | | | |
| 35. OTHER PERSONAL PROPERTY OF ANY KIND NOT ALREADY LISTED.  ITEMIZE. | X | | | |
| | | | Total | $0.00 |

(Include amounts from any continuation
sheets attached. Report total also on
Summary of Schedules.)

Sheet no. 4 of 4 sheets attached to
Schedule of Personal Property

In re  **FLUID ROUTING SOLUTIONS INTERMEDIATE HOLDING CORP.**        Case No.  09-10384

Debtor        (if known)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  SUN FLUID ROUTING FINANCE, LLC 5200 TOWN CENTER CIRCLE SUITE 600 BOCA RATON, FL  33486 | X | | 2ND LIEN LOAN | X | | | $4,088,067.74 | UNKNOWN |
| | | | VALUE   UNKNOWN | | | | | |
| ACCOUNT NO.  WELLS FARGO FOOTHILL, INC. 1100 ABERNATHY ROAD SUITE 1600 ATLANTA, GA  30328 | X | | REVOLVER LOAN | X | | | $211,826.76 | UNKNOWN |
| | | | VALUE   UNKNOWN | | | | | |

Sheet no. 1 of 1 sheet(s) attached to Schedule of Creditors Holding Secured Claims

| | | |
|---|---|---|
| Subtotal (Total(s) of this page) | $4,299,894.50 | |
| Total (Use only on the last page) | $4,299,894.50 | |
| | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

In re  **FLUID ROUTING SOLUTIONS INTERMEDIATE HOLDING CORP.**                    Case No.  09-10384
_____                              _____
                        Debtor                                                         (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule.

☐  Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐  **Domestic Support Obligations**
    Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐  **Extensions of credit in an involuntary case**
    Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐  **Wages, salaries, and commissions**
    Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,950* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐  **Contributions to employee benefit plans**
    Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

In re  **FLUID ROUTING SOLUTIONS INTERMEDIATE HOLDING CORP.**          Case No.  09-10384
                                Debtor                                                                    (if known)

☐  **Certain farmers and fishermen**

   Claims of certain farmers and fishermen, up to $5,400* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐  **Deposits by individuals**

   Claims of individuals up to $2,425* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☑  **Taxes and Certain Other Debts Owed to Governmental Units**

   Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐  **Commitments to Maintain the Capital of an Insured Depository Institution**

   Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐  **Claims for Death or Personal Injury While Debtor Was Intoxicated**

   Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

In re  **FLUID ROUTING SOLUTIONS INTERMEDIATE HOLDING CORP.**    Case No.  09-10384

Debtor    (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br> City of Detroit Finance Dept - Treasury Division <br> Coleman A. Young Municipal Center <br> 2 Woodward Ave Room 120 <br> Detroit, MI 48226 | | | PROPERTY TAXES | | | | $124,494.40 | $124,494.40 | $0.00 |
| ACCOUNT NO. <br> City of Rochester Hills <br> 1000 Rochester Hills Dr <br> Rochester Hills, MI 48309-3034 | | | PROPERTY TAXES | | | | $12,584.56 | $12,584.56 | $0.00 |
| ACCOUNT NO. <br> Deparment of Treasury <br> Internal Revenue Service Center <br> Cinncinnati, OH 45999-0012 | | | FEDERAL TAX | | | | $1,574,283.00 | $1,574,283.00 | $0.00 |
| ACCOUNT NO. <br> Florida Department of Revenue <br> 5050 W Tennessee Street <br> Tallahassee, FL 32399-0100 | | | STATE INCOME/EXCISE/BUSINESS TAXES | | | | $50,371.47 | $50,371.47 | $0.00 |
| ACCOUNT NO. <br> George Albright, Tax Collector <br> PO Box 970 <br> Ocala, FL 34478 | | | PROPERTY TAXES | | | | $218,263.11 | $218,263.11 | $0.00 |
| ACCOUNT NO. <br> Michigan Dept. of Treasury <br> PO Box 30774 <br> Lansing, MI 48909-8274 | | | STATE INCOME/EXCISE/BUSINESS TAXES (BIG RAPIDS) | | | | $8,570.00 | $8,570.00 | $0.00 |
| ACCOUNT NO. <br> Michigan Dept. of Treasury <br> PO Box 30774 <br> Lansing, MI 48909-8274 | | | STATE INCOME/EXCISE/BUSINESS TAXES (DETROIT) | | | | $4,527.00 | $4,527.00 | $0.00 |

Sheet no. 3 of 3 sheets attached to Schedule of
Creditors Holding Unsecured Priority Claims

| | | | |
|---|---|---|---|
| Subtotal | $1,993,093.54 | $1,993,093.54 | $0.00 |
| Total | $1,993,093.54 | | |
| Totals | | $1,993,093.54 | $0.00 |

In re  **FLUID ROUTING SOLUTIONS INTERMEDIATE HOLDING CORP.**                Case No.  09-10384

Debtor                                                                                     (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☑   Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | | | | | |
| NONE | | | | | | | |

Sheet no. 1 of 1 sheet(s) attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

| | |
|---|---|
| Subtotal | |
| Total | |

In re  **FLUID ROUTING SOLUTIONS INTERMEDIATE HOLDING CORP.**          Case No.  09-10384
              Debtor                                                                    (if known)

# SCHEDULE  G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☑  Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| NONE | |

Sheet no. 1 of 1 sheet(s) attached to Schedule of
Executory Contracts and Unexpired Leases

In re  **FLUID ROUTING SOLUTIONS INTERMEDIATE HOLDING CORP.**          Case No.  09-10384
_____          _____
                              Debtor                                                          (if known)

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
| --- | --- |
| DETROIT FUEL, INC.<br>1955 ENTERPRISE DRIVE<br>ROCHESTER HILLS, MI  48309 | SUN FLUID ROUTING FINANCE, LLC<br>5200 TOWN CENTER CIRCLE<br>SUITE 600<br>BOCA RATON, FL  33486 |
| FLUID ROUTING SOLUTIONS AUTOMOTIVE, LLC<br>1955 ENTERPRISE DRIVE<br>ROCHESTER HILLS, MI  48309 | SUN FLUID ROUTING FINANCE, LLC<br>5200 TOWN CENTER CIRCLE<br>SUITE 600<br>BOCA RATON, FL  33486 |
| FLUID ROUTING SOLUTIONS, INC.<br>1955 ENTERPRISE DRIVE<br>ROCHESTER HILLS, MI  48309 | SUN FLUID ROUTING FINANCE, LLC<br>5200 TOWN CENTER CIRCLE<br>SUITE 600<br>BOCA RATON, FL  33486 |
| DETROIT FUEL, INC.<br>1955 ENTERPRISE DRIVE<br>ROCHESTER HILLS, MI  48309 | WELLS FARGO FOOTHILL, INC.<br>1100 ABERNATHY ROAD<br>SUITE 1600<br>ATLANTA, GA  30328 |
| FLUID ROUTING SOLUTIONS AUTOMOTIVE, LLC<br>1955 ENTERPRISE DRIVE<br>ROCHESTER HILLS, MI  48309 | WELLS FARGO FOOTHILL, INC.<br>1100 ABERNATHY ROAD<br>SUITE 1600<br>ATLANTA, GA  30328 |
| FLUID ROUTING SOLUTIONS, INC.<br>1955 ENTERPRISE DRIVE<br>ROCHESTER HILLS, MI  48309 | WELLS FARGO FOOTHILL, INC.<br>1100 ABERNATHY ROAD<br>SUITE 1600<br>ATLANTA, GA  30328 |

Sheet no. 1 of 1 sheet(s) attached to Schedule of
Codebtors

In re  **FLUID ROUTING SOLUTIONS INTERMEDIATE HOLDING CORP.**　　　　　Case No.  09-10384
　　　　　　　　　　　　　　　Debtor　　　　　　　　　　　　　　　　　　　　　　　　　(if known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION

I, John Carson, the Chief Executive Officer, Treasurer and Secretary of Fluid Routing Solutions Intermediate Holding Corp., declare under penalty of perjury  that I have read the foregoing summary and schedules and that they are true and correct to the best of my knowledge, information, and belief.

Date  March 18, 2009　　　　　　　　　　Signature _____

　　　　　　　　　　　　　　　　　　　　　　John Carson
　　　　　　　　　　　　　　　　　　　　　　[Print or type name of individual signing on behalf of debtor.]

　　　　　　　　　　　　　　　　　　　　　　Chief Executive Officer, Treasurer and Secretary
　　　　　　　　　　　　　　　　　　　　　　[Indicate position or relationship to debtor]

Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. § 152 and 3571.